EMMA J. LAWTON v. TOWN OF WEATHERSFIELD.

October Term, 1901.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, WATSON and STAFFORD, JJ.

Opinion filed November 30, 1901.

*Injury on highway—Notice—Sufficiency.*

A notice under V. S. 3492 of an injury on a highway which omits to state that the person injured will claim satisfaction of the town, is fatally defective, and no action can be maintained.

CASE for injury on a highway. Plea, the general issue. Trial by jury at the June Term, 1901, Windsor County, *Start,* J., presiding. Verdict ordered for the defendant and judgment thereon. The plaintiff excepted.

*Gilbert A. Davis* and *L. M. Read* for the plaintiff.

Upon all the facts and circumstances, the selectmen, as reasonable beings, fairly understood that the notice was given by the person injured, *because* she claimed damages. This is a *notice.* A *notice* is to give information of something. The selectmen must have understood that the plaintiff would claim damages. The clause relating to claim of satisfaction is not a condition precedent. It is a directory provision of the statute merely.

A verdict should not have been ordered. The notice was but a step in the proof. In *Ranney* v. *Sheffield,* 49 Vt. 194, the notice though claimed to be defective, was received in evidence.

*J. C. Enright* and *E. R. Buck* for the defendant.

The action is purely statutory and all the requirements must be strictly complied with. 23 Am. & Eng. Enc. 402.

The notice was defective because it did not state that the plaintiff would claim satisfaction of the town. This is an essential element of the notice and has been required since 1855.

The notice was also defective because it did not state that it was the duty of the defendant to keep in repair the culvert where the accident happened. *Farnsworth* v. *Mt. Holly,* 63 Vt. 293; *Bartlett* v. *Cabot,* 54 Vt. 242; *White* v. *Stowe,* 54 Vt. 510.

TAFT, C. J. Any town in this State is liable for its neglect to keep in repair any bridge or culvert, if any person is injured thereby. In order to maintain an action to recover damages for such injuries, notice must be given within a cer-

tain time to the town. V. S. 3492. One provision of the statute with reference to the notice is, that it shall state "that such person will claim satisfaction of the town." It further provides that unless such notice is given, "no action shall be maintained in any court." In this case the plaintiff, within the required time, gave the defendant notice of the accident and of her injury, but omitted to state therein that she would "claim satisfaction of the town." There is nothing in the notice to that effect, nor from which it can be reasonably inferred. It being defective in that respect, no action can be maintained.

*Judgment affirmed.*